UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>        Plaintiff,<br><br>   v.<br><br>MERCED COUNTY SHERIFFS DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: 1:25-cv-00487-SKO<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION CONCERNING HIS APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND INMATE STATEMENT REPORT**<br><br>(Doc. 2)<br><br>**21-DAY DEADLINE** |

Plaintiff Alexander Rodarte, a former county jail inmate and current state prisoner, is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

Plaintiff filed a complaint and an application to proceed in forma pauperis (IFP) on April 18, 2025, in the Sacramento division of the United States District Court for the Eastern District of California. (Docs. 1 & 2.) Following transfer of this action to the Fresno division, an Inmate Statement Report was submitted to the Court on April 28, 2025, by the California Medical Facility regarding Plaintiff's inmate trust account. (Doc. 6.)

A review of Plaintiff's IFP application and the Inmate Statement Report reveals additional information is needed from Plaintiff for this Court's consideration of his request to proceed IFP.

**II.    DISCUSSION**

In his IFP application, Plaintiff states he is currently incarcerated, he is not employed, and he does not receive any income from the following sources: rent payments, interest, or dividends; pension, annuity, or life insurance payments; disability or workers' compensation payments; gifts or inheritances; or any other sources. (Doc. 2 at 1.) Plaintiff states he does not have any cash or a checking or saving account, does not own any automobile, real estate, stock, bond, security, trust, jewelry, artwork, or other financial instrument or thing of value, or other assets. (Doc. 2 at 2.) Plaintiff declares he receives money from "[b]usiness, profession, or other self-employment" (*id*. at 1 [Question 3(a)]) and that three children are dependent upon him for support (*id*. at 2). Plaintiff signed and dated the application on April 17, 2025. (*Id*. at 2.)

The Court requires additional information regarding Question 3 – "Have you received any money from the following sources over the last twelve months?" As noted above, Plaintiff states he has received money from a "[b]usiness, profession, or other self-employment" during the relevant period. (Doc. 2 at 1.) However, Plaintiff failed to complete Question 3 because the following question appears after (a) through (f): "If the answer to any of the above is 'yes,' describe by that item each source of money, state the amount received, as well as what you expect you will continue to receive (attach additional sheet if necessary)." (*Id*.) Plaintiff has provided no description or explanation for the money he received from a business, profession, or self-employment, nor has he indicated whether he expects to continue to receive such funds. Plaintiff will be directed to provide that information.

Next, Plaintiff's Inmate Statement Report dated April 28, 2025, indicates the following "JPAY" deposits totaling $440.00 between October 1, 2024, and April 28, 2025:

| | | |
|---|---|---|
| 12/29/24 | JPAY | $ 60 |
| 1/27/25  | JPAY | $100 |
| 2/24/25  | JPAY | $150 |
| 3/14/25  | JPAY | $100 |
| 4/13/25  | JPAY | $ 30 |

(Doc. 6 at 1.) The Court notes two "INMATE DEPOSITS" during the same period totaling $54.00 as well as three "SALES" transactions totaling $278.00. (*Id*.) Monies provided to Plaintiff

2

1  via JPAY should be disclosed and explained. *See, e.g.*, *Owens v. Schultz*, No. 1:24-cv-00820-
2  SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024) (directing plaintiff to "explain the
3  sixteen JPAY entries appearing on his Inmate Statement Report"). Plaintiff is advised that the
4  Court may take into consideration purchases in determining whether an individual should be
5  granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted)
6  (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money"
7  when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827
8  F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds
9  would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an
10 implied evaluation of the suit that the district court is entitled to honor"); *see also Owens*, 2024
11 WL 3722881, at *1-2.

12     In sum, Plaintiff's IFP application and Inmate Statement Report do not establish he is
13 entitled to IFP status. Plaintiff's response to Question 3(a) is incomplete and additional
14 information is needed regarding entries on the Inmate Statement Report. To ensure that Plaintiff
15 is entitled to proceed without prepayment of the required $405 filing fee for this action, he will be
16 directed to provide a complete response to Question 3(a), and to explain the JPAY, INMATE
17 DEPOSIT, and SALES transactions on his Inmate Statement Report dated April 28, 2025, before
18 the Court issues a ruling on his pending IFP application.

19     **III.   CONCLUSION AND ORDER**
20        Accordingly, the Court **HEREBY ORDERS** as follows:
21        1. The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of his IFP
22           application filed April 18, 2025 (Doc. 2) and the Inmate Statement Report dated April
23           28, 2025 (Doc. 6), for ease of reference and as a one-time courtesy, along with this
24           Order; and
25        2. Plaintiff **SHALL** provide the following information, *in writing and under penalty of*
26           *perjury*, **within 21 days** of the date of this Order:
27           a. A complete response to Question 3(a), including a description and explanation
28              regarding any money Plaintiff received from "[b]usiness, profession, or other

3

        self-employment," setting forth the amount(s) received and whether Plaintiff expects to continue receiving those funds; and

    b. An explanation for the JPAY, INMATE DEPOSIT, and SALES transactions appearing on Plaintiff's Inmate Statement Report dated April 28, 2025.

**<u>WARNING</u>: A failure to comply with this Order may result in a recommendation that this action be dismissed, without prejudice, for a failure to obey court orders**.

IT IS SO ORDERED.

Dated:  **May 5, 2025**                                   /s/ *Sheila K. Oberto*
                                                                                  UNITED STATES MAGISTRATE JUDGE