UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCED COUNTY SHERIFFS DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: 1:25-cv-00487-SKO<br><br>**ORDER REGARDING PLAINTIFF'S OBJECTIONS TO PAY THE FILING FEE FOR THIS ACTION**<br><br>(Doc. 12) |

    Plaintiff Alexander Rodarte, a former county jail inmate and current state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

    On April 18, 2025, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP) in the Sacramento division of the United States District Court for the Eastern District of California. (Docs. 1 & 2.) Following transfer of this action to the Fresno division, an Inmate Statement Report was submitted to the Court on April 28, 2025, by the California Medical Facility regarding Plaintiff's inmate trust account. (Doc. 6.)

    On May 5, 2025, the Court issued its Order Directing Plaintiff to Provide Additional Information Concerning His Application to Proceed In Forma Pauperis by a Prisoner and Inmate

1    Statement Report. (Doc. 7.) Plaintiff filed a response to the order on May 22, 2025. (Doc. 10.)

2    On May 27, 2025, the Court issued its Order Regarding Plaintiff's Response of May 22,
3    2025, and Order Granting Application to Proceed In Forma Pauperis. (Doc. 11.)

4    On June 16, 2025, Plaintiff filed a document titled "Objecting to Pay the Filing Fee of
5    $350.00." (Doc. 12.)

## II.    DISCUSSION

Plaintiff states the money he earned "through IHSS" was "money [he] was making before [he] came to jail." (Doc. 12.) His original response to the Court's order requiring additional information on Plaintiff's IFP application was "wrong" because at that time he had "only been in custody about 5 months." (*Id*.) Plaintiff asks the Court to excuse his mistake and to "not charge [him] and allow [him] to file forma pauperis without being charged due to its not [his] income the Court is charging [him] for." (*Id*.)

First, Plaintiff has already been granted IFP status and any mistake he made on his IFP application has already been excused. (*See* Doc. 11.) Second, it appears Plaintiff believes that once IFP status is granted that means he should not have to pay a filing fee for this action. Plaintiff is mistaken.

As explained in the Court's May 27, 2025, order, when IFP status is granted to a prisoner, a statutory filing fee of $350.00 is assessed pursuant to 28 U.S.C. § 1915(b)(1). The prisoner is then obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to a prisoner's trust account. Those payments are then forwarded to the Court each time the amount in the prisoner's account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2). IFP status does not allow a prisoner plaintiff to avoid paying any filing fee whatsoever. Rather, the prisoner avoids having to pay the total filing fee in full at the time an action is filed with the Court. *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (IFP status merely "defers, but does not permanently excuse, the payment of filing fees"); *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although

poverty may make collection impossible").[1]

Lastly, the Court notes the IFP application that Plaintiff signed on April 17, 2025, specifically "authorized the agency having custody of" Plaintiff "to collect from [his] trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2)." (*See* Doc. 2 at 2.)

In sum, despite his objections, Plaintiff remains obligated to pay the $350 filing fee for this action. Payments will continue to be deducted from Plaintiff's trust account in accordance with 28 U.S.C. § 1915 and this Court's orders.

### III.    CONCLUSION AND ORDER

Accordingly, for the reasons stated above, Plaintiff's objections are **OVERRULED** and his request to avoid payment of the filing fee for this action is **DENIED**.

Plaintiff is advised that no further filings concerning IFP status, or the payment of a filing fee, will be entertained. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **June 18, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] *See also, e.g.*, *Annamalai v. Montgomery County Treasurer*, No. 3:24-cv-00268, 2024 WL 4599935, at *5, n.6 (S.D. Ohio Oct. 29, 2024) ("A grant of in forma pauperis status to a prisoner does not excuse the prisoner from paying any filing fee, but instead permits periodic partial payments of the fee over time based on collection of amounts held in the prisoner's account, until such time as the full fee is paid"); *James v. U.S. Marshals*, No. CV420-111, 2023 WL 196456, at *1 (S.D. Georgia Jan. 17, 2023) ("IFP status does not afford prisoners the ability to avoid paying filing fees. Rather, IFP status merely allows prisoners to avoid prepaying their filing fees"); *Woods v. Rucker*, No. 8:18-CV-145 (LEK/CFH), 2018 WL 2172697, at * 1, n.1 (N.D.N.Y. Mar. 27, 2018) ("Plaintiff is advised that bring granted IFP status does not excuse him from paying any costs or fees he may incur in this action. … Moreover, plaintiff is reminded that under the Prisoner Litigation Reform Act ('PLRA'), inmate plaintiffs who have been granted IFP status have consented to pay a reduced filing fee of $350 which will be remitted in installments from the inmate's account").