UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERCED COUNTY SHERIFFS DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-00487-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AS MOOT**<br><br>(Doc. 14)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. 14)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Alexander Rodarte, a former county jail inmate and current state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff filed his original complaint on April 18, 2025, in the Sacramento division of this Court. (Doc. 1.) The action was transferred to the Fresno division on April 28, 2025. (Doc. 4.)

On October 30, 2025, Plaintiff filed a one-page document titled "Motion to Amend Complaint/Motion for Preliminary Injunction." (Doc. 14.) On January 5, 2026, this Court issued its First Screening Order. (Doc. 15.)

## II. DISCUSSION

### *Plaintiff's Motion to Amend Complaint*

Plaintiff states he "is seeking request to amend complaint for this case." (Doc. 14.) Although this Court "should freely give leave [to amend] when justice so requires" (see Fed. R. Civ. P. 15(a)(2)), granting Plaintiff leave to file an amended complaint is unnecessary here.

The Court recently screened Plaintiff's original complaint, and determined Plaintiff's complaint failed to state a claim upon which relief could be granted. (Doc. 15 at 3-12.) Plaintiff was granted leave to amend his complaint to cure the deficiencies identified in the screening order. (*Id*. at 12.) Plaintiff was directed to file a first amended complaint or a notice of voluntary dismissal within 21 days of the date of service of the order, or by January 26, 2026.[1] (*Id*. at 13.)

Because the screening order granted Plaintiff leave to file an amended complaint, his motion is moot and will be denied accordingly.

### *Plaintiff's Motion for Preliminary Injunction*

Plaintiff states he "would also like to request a preliminary/permanate [sic] injunction." (Doc. 14.) He contends that the Merced County Sheriff's Office "shared the physical violence of inmates attacking Plaintiff Rodarte while he was asleep & … on cyber security infastructor [sic]." (*Id*.) He asks the Court to "grant this request to remove any harmful content." (*Id*.)

#### Applicable Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros.,*

---

[1] 1/5/2026 [date of service of order] + 21 days = 1/26/2026.

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted). The standards for permanent injunction and preliminary injunction are essentially the same with the exception that for a permanent injunction to issue, plaintiff must ultimately show actual success on the merits, instead of probable success on the merits. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987); *see also Walsh v. City and County of Honolulu*, 460 F.Supp.2d 1207, 1211 (D. Hawai'i 2006).

1    *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party
2    officially, and is required to take action in that capacity, only upon service of summons or other
3    authority-asserting measure stating the time within which the party must appear to defend"). The
4    court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal &*
5    *Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir.
6    1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to
7    the action," their "officers, agents, servants, employees, and attorneys," and "other persons who
8    are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks
9    injunctive relief based on claims not pled in the complaint, the court does not have the authority
10   to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633
11   (9th Cir. 2015).

12   Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the
13   Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly
14   drawn, extends no further than necessary to correct the violation of the Federal Right, and is the
15   least intrusive means necessary to correct the violation of the Federal Right."

16   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
17   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
18   balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v.*
19   *Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7,
20   20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just
21   possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*,
22   632 F.3d 1127, 1131 (9th Cir. 2011).

23                              Analysis

24   Plaintiff cannot meet the required *Winter* factors and is not entitled to injunctive relief.
25   As an initial matter, the Court does not have personal jurisdiction over the Merced County
26   Sheriff's Department because that entity has been served in this action. *See Murphy Bros.,* 526
27   U.S. at 350; *Zepeda*, 753 F.2d at 727-28. Plaintiff has also not met the first *Winter* factor.
28   *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20. As explained in the First Screening Order,

3

1   Plaintiff's complaint fails to state a claim upon which relief can be granted. (*See* Doc. 15 at 3-12.)
2   In the absence of any cognizable claims, Plaintiff cannot establish he is likely to succeed on the
3   merits of his claims. *See also Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th
4   Cir. 2017) (in deciding whether a preliminary injunction should issue, the likelihood of success
5   on the merits is the most important factor for the court to consider).

6   　　　　Pursuant to the second *Winter* factor, Plaintiff must also make a showing that he is likely
7   to suffer irreparable harm in the absence of preliminary relief. *Glossip*, 576 U.S. at 876; *Winter*,
8   555 U.S. at 20. While Plaintiff asserts his "belief" that the Merced County Sheriff's Department
9   "shared the physical violence of inmates attacking" him and "shared it on cyber security
10  [infrastructure]," these beliefs are unsupported and speculative and cannot form the basis for a
11  finding of irreparable harm. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007)
12  ("Speculative injury cannot be the basis for the finding of irreparable harm"); *Goldie's Bookstore,*
13  *Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury
14  does not constitute irreparable injury"); *Witkin v. Snelling*, No. 2:21-cv-2181 JAM AC P, 2022
15  WL 602657, at *2 (E.D. Cal. Mar. 1, 2022) ("The motion is based entirely on Plaintiff's assertions
16  regarding past events and what he believes may happen in the future. … Any belief on Plaintiff's
17  part that Defendants or high-level offender inmates will physically harm him, or that particular
18  Defendants will continue to retaliate against him for filing grievances, is purely speculative and
19  thus does not constitute irreparable harm warranting a preliminary injunction").

20  　　　　Lastly, the undersigned finds Plaintiff fails to establish the third and fourth *Winter* factors.
21  He makes no showing that the balance of equities tips in his favor or that an injunction is in the
22  public interest. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20. Without establishing a
23  likelihood of success on the merits or a credible showing of irreparable harm, the undersigned
24  finds the balance of equities does not tip in Plaintiff's favor, nor does it appear that the injunction
25  Plaintiff seeks is in the public's interest. Even presuming the Merced County Sheriff's
26  Department "shared the physical violence of innates attacking" Plaintiff while he slept on its
27  "cyber security [infrastructure]," without knowing the bases for such alleged actions, the Court
28

4

would be guessing as to its reasons.[3]

In sum, Plaintiff is not entitled to a preliminary or permanent injunction.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion to amend complaint (Doc. 14) is **DENIED** as moot; and
2. The Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Further, for the reasons set forth above, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for preliminary injunction (Doc. 14) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **January 7, 2026**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's complaint includes only the following brief reference to his being "[assaulted] & sexually [assaulted] multiple times & *it was [shared] through cyber security*." (*See* Doc. 1 at 3, italics added.)

5