UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>Plaintiff,<br><br>v.<br><br>MERCED COUNTY SHERIFFS DEPARTMENT, et al.,<br><br>Defendants. | Case No.: 1:25-cv-00487-KES-SKO<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY RESPONSE DEADLINE** |

Plaintiff Alexander Rodarte, a former county jail inmate and current state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      INTRODUCTION**

On January 5, 2026, this Court issued its First Screening Order. (Doc. 15.) The Court found Plaintiff failed to state a claim upon which relief could be granted, (*id.* at 3-12), and ordered Plaintiff to file a first amended complaint, or, alternatively, to file a notice of voluntary dismissal, within 21 days (*id.* at 12-13).

On January 7, 2026, the undersigned issued an Order Denying Plaintiff's Motion to Amend Complaint as Moot and Findings and Recommendations to Deny Plaintiff's Motion for Preliminary Injunction. (Doc. 17.) The Court denied the motion to file an amended complaint as

moot because the screening order issued two days prior granted Plaintiff leave to file an amended complaint within 21 days. (*Id*. at 2, 5.) The undersigned also recommended that Plaintiff's motion for a preliminary injunction be denied. (*Id*. at 2-5.) Plaintiff was directed to file any objections within 14 days. (*Id*. at 5.) On January 22, 2025, Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 18.) A final determination of Plaintiff's motion for a preliminary injunction remains pending before District Judge Kirk E. Sherriff.

To date, Plaintiff has failed to respond to the Court's First Screening Order.

## II.   DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In the screening order, the Court found that Plaintiff's complaint failed to state a cognizable claim against any defendant. Plaintiff was directed to file a first amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal, within 21 days. Although more than 21 days have passed, Plaintiff has failed to take any action.

## III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's First Screening Order. Alternatively, within that same time, Plaintiff may file

either a first amended complaint or a notice of voluntary dismissal.

**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **February 2, 2026**                     /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE