UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEXANDER RODARTE,

              Plaintiff,

    v.

MERCED COUNTY SHERIFFS DEPARTMENT, et al.,

              Defendants.

Case No.: 1:25-cv-00487-KES-SKO

**AMENDED FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**14-DAY OBJECTION DEADLINE**

Plaintiff Alexander Rodarte, a former county jail inmate and current state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      BACKGROUND**

On January 5, 2026, the Court issued its First Screening Order. (Doc. 15.) The Court determined that Plaintiff's complaint failed to state a claim upon which relief could be granted. (*Id*. at 4-12.) Plaintiff was granted leave to amend his complaint to cure the deficiencies identified in the order, and ordered to file a first amended complaint, or a notice of voluntary dismissal, within 21 days. (*Id*. at 12-13.)

On February 2, 2026, when more than 21 days passed without a response from Plaintiff,

the Court issued its Order Directing Plaintiff to Show Cause (OSC) in Writing Why This Action Should Not be Dismissed for Failure to Obey Court Orders and Failure to Prosecute. (Doc. 19.) Plaintiff was ordered to respond in writing, or, alternatively, to file a first amended complaint or a notice of voluntary dismissal within 14 days. (*Id*. at 2-3.)

On February 17, 2026, Plaintiff filed his response to the OSC. (Doc. 20.) Plaintiff's response does not address his failure to comply with Court orders or failure to prosecute in any way. (*See id*.) Instead, Plaintiff merely asserts that Defendants violated his constitutional rights and are liable for their actions following his assault. (*Id*.) He has made no effort to cure the deficiencies identified in the screening order and has failed to state a claim upon which relief can be granted.

## II.    SCREENING FINDINGS

### A.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### C.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### D.  *Monell* Liability

City or county governments, including departments within them such as the Sheriff's Department, cannot be held liable under section 1983 for the acts of an employee. *Monell v. Dep't*

3

*of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978). To state a section 1983 claim against the Sheriff's Department as a whole, a plaintiff must allege that a department policy or custom caused his injuries. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). This could be demonstrated by an unconstitutional policy, or that the department "through inaction, failed to implement adequate policies or procedures to safeguard" the constitutional rights of jail detainee. *Id*. To hold the sheriff's department liable for a failure to act, a plaintiff would need to demonstrate that the department "exhibited deliberate indifference" to the violation of his rights. *Id*. A municipality is deliberately indifferent to the violation of constitutional rights where it has a policy that is "obviously, facially deficient," or where there is a "pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." *Id.* at 1142.

### E.  Plaintiff's Complaint and Its Claims

Plaintiff names the Merced County Sheriff's Department and Deputy Piña as Defendants in this action. (Doc. 1 at 1-2.) He seeks unspecified money damages. (*Id*. at 7.)

The Court conducted the following evaluation:

#### Claim One

Plaintiff's first claim is titled, "5th 8th & 14th Amendments of the United States Constitution of America," and he identifies the issue as "Retaliation." (Doc. 1 at 3.)

*The Factual Allegations*

Plaintiff asserts he was "remanded from court" on December 5, 2025, sent to the Sandy Mush Jail in Merced, and was housed in the "606 Dorm" on December 5 and 6, 2024. (Doc. 1 at 3.) He contends Deputy Piña "violently attacked multiple times" while he was sleeping. (*Id*.) Plaintiff states that before he could wake up, "deputies would do walk & not do nothing." (*Id*.) On December 7, 2024, Plaintiff was moved to "Dorm 605" and "put in a grievance." (*Id*.) He alleges he was assaulted again on December 8 and December 9, 2024, "multiple times. Deputies would do walks almost as it was happening & not do nothing." (*Id*.) On December 10, 2024, Plaintiff was transferred "to Delano prison." (*Id*.)

Plaintiff states that in September 2022, he was housed at the same jail and "the same thing was happening and the deputys were encouraging it." (Doc. 1 at 3.) Plaintiff further contends he was "[assaulted] & sexually [assaulted] multiple times & it was [shared] through cyber security where [he's] been deprived of life & [his]

4

equality as if [he's] not human & suffered [severe] cruel and unusual punishment." (*Id.*) Plaintiff states he was injured "sexually, mentally, [psychologically], reputationally & physically." (*Id.*)

*Applicable Legal Standards*

Eighth Amendment Excessive Force

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks & citation omitted). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa 1992) (citation omitted, quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977), aff'd, 973 F.2d 686 (10th Cir. 1992)). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks & citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

The Supreme Court has made clear that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action'" under the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citations omitted). Conversely, the absence of "significant" injury is not dispositive of a claim of excessive force. *See id.* at 36-37. But the extent of an inmate's injury is one factor indicative of whether the force used was necessary in a particular situation. Moreover, if force is applied maliciously and sadistically, liability is not avoided "merely because [the plaintiff] had the good fortune to escape without serious injury." *Id.* at 37. Put another way, there is no "de minimis" level of injury that is an acceptable result of excessive force under the Eighth Amendment. *Id.* at 38-40; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

5

First Amendment Retaliation

Prisoners have a First Amendment right to file prison grievances and retaliation against prisoners for exercising this right is a constitutional violation. *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005). A claim for First Amendment retaliation in the prison context requires: (1) that a state actor took some adverse action against the plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68. To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. *See McCollum v. CDCR*, 647 F.3d 870, 882–83 (9th Cir. 2011); accord, *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. *McCollum*, 647 F.3d at 882.

*Analysis*

Liberally construing the complaint and accepting all facts as true at screening, Plaintiff fails to state a cognizable claim. First, as concerns the Merced County Sheriff's Department, Plaintiff has failed to plead any facts tending to show that a government policy, custom, usage, or practice was the "moving force" behind the alleged violations of his constitutional rights or how that policy, custom, or practice reflects deliberate indifference to his constitutional rights. *See Monell*, 436 U.S. at 690, 694. To the extent Plaintiff asserts Defendant Pĩna used excessive force to assault him on December 5 and 6, 2024, he fails to allege Pĩna did so "for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard*, 904 F.3d 780, 788; *Bruns*, 122 F.3d at 1257 ("a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled"). Notably too, Plaintiff states he was "sexually assaulted multiple times," but it is unclear if he is asserting Pĩna sexually assaulted him as this assertion appears without any specific date reference.

Next, to the extent Plaintiff seeks to assert that Pĩna — rather than other unidentified deputies — retaliated against him for filing a grievance, the complaint is unclear on this point. While Plaintiff alleges Pĩna worked in the "606 Dorm" during the initial assaults, Plaintiff filed his grievance after moving to the "Dorm 605" and only refers to "deputies" doing "walks" in that unit; he does not indicate Pĩna was assigned to that unit on December 8 and 9, 2024. Thus, it

6

is not clear who retaliated against Plaintiff after he "put in [a] grievance."

Plaintiff will be granted leave to amend his complaint to cure the deficiencies identified above, assuming he can do so in good faith. Plaintiff should allege clear facts establishing Pĩna, the only individual named as a defendant in this action, retaliated against him after he filed a grievance, and specifically explain how Pĩna retaliated.

**Claim Two**

Plaintiff's second claim is titled, "Federal Tort Claim Act (FTCA) [Assault]," and he identifies the issue as "Threat to safety." (Doc. 1 at 4.)

*The Factual Allegations*

Plaintiff's supporting facts are as follows:

> 12/5/24-12/6/24-12/8/24-12-9-24 I was [assaulted] & the deputies were encouraging the inmates to [assault] me. They would punch me in the head or slap me real hard in the face & before I could wake up the inmates would run off & later when guards would walk through they would make jokes about it next day to show they had clear knowledge of it & who was doing it.

(Doc. 1 at 4.) Plaintiff contends he suffered "absolute head trauma [symptoms], feeling spaced out from intentional tort" and "left to suffer pains" in his head. (*Id.*)

*Applicable Legal Standards*

The Federal Tort Claims Act

The Federal Tort Claims Act (FTCA) "28 U.S.C. §§ 1346, 2671-80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). "The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. *United States v. Olson*, 546 U.S. 43, 44 (2005); *Delta Savings Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001)). "The law of the place in § 346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[] must be found in California state tort law." *Delta Sav. Bank*, 265 F.3d at 1025 (internal citations & quotation marks omitted).

Eighth    Amendment    Threat    to
Safety/Failure to Protect

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America,* 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) & *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, 714 F.3d at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. *Id*. at 832-33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and citations omitted).

To state a claim, the Eighth Amendment requires allegations sufficient to plausibly show that prison officials were deliberately indifferent to a substantial risk of harm or safety. *Farmer*, 511 U.S. at 847. The objective component of an Eighth Amendment requires that a prisoner show he was deprived of something "sufficiently serious." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834. The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.

*Analysis*

Liberally construing the complaint and accepting all facts as true at screening, Plaintiff fails to state a cognizable claim. First, as concerns the Merced County Sheriff's Department, Plaintiff has again failed to plead any facts tending to show that a government policy, custom, usage, or practice was the "moving force" behind the alleged violations of his constitutional rights or how that policy, custom, or practice reflects deliberate indifference to his constitutional rights.

8

*See Monell*, 436 U.S. at 690, 694.

To the extent Plaintiff seeks to assert an FTCA claim against the Merced County Sheriff's Department and/or Defendant Pĭna, he may not do so. The FTCA involves tort claims against the United States as the government employer. Here, the United States is not named as a Defendant, nor could they be where the events giving rise to Plaintiff's claim occurred at a county jail facility. Simply put, Defendant Pĭna was not employed by the United States. Therefore, Plaintiff will not be granted leave to amend this claim to the extent it involves the FTCA as the FTCA is not applicable in this action.

Next, to the extent Plaintiff seeks to assert a failure to protect or threat to safety claim against Defendant Pĭna, he fails to do so because he alleges no facts to indicate that Pĭna "[knew] of and disregard[ed] an excessive risk to" his safety. *Farmer*, 511 U.S. at 837. In fact, Plaintiff alleges no facts at all regarding Pĭna and only vaguely references "deputies" or "guards" in this claim. *Iqbal*, 556 U.S. at 678 (vague and conclusory allegations are insufficient to state a claim); *Rizzo*, 423 U.S. at 373-75 (a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff).

In sum, Plaintiff will be granted leave to amend this claim to assert a violation of his Eighth Amendment rights for a threat to his safety, assuming he can do so in good faith. He must assert sufficient facts to connect a named Defendant (Pĭna) to the Eighth Amendment violation he seeks to allege. Plaintiff may not assert an FTCA claim.

### Claim Three

Plaintiff's third claim is titled, "Negligence/Breach of Duty/Police Misconduct/Failure to Protect/Housed in Unsafe Areas" and he identifies the issue as "Threat to safety." (Doc. 1 at 5.)

*The Factual Allegations*

Here, Plaintiff asserts that deputies "failed their obligated duty[]" to protect him from other inmates. (Doc. 1 at 5.) He contends he was repeatedly "attacked while asleep," other inmates did not intervene because "the deputy told them" Plaintiff was "no good so they all want to" retaliate against him. (*Id*.) Plaintiff alleges "law enforcement" made him "a target for the other inmates." (*Id*.) He believes "the government is trying to kill" him and other inmates have told him so. (*Id*.) He has observed "guards [whisper] to other inmates then inmates go out of [their] way to paint a [negative] look about" Plaintiff. (*Id*.) Plaintiff states he is "sick with health & issues that people don't understand but attack [him] for it." (*Id*.) He asserts he should not have to fight for his life "for being not well." (*Id*.) Plaintiff contends he was "nearly killed because of officers" and suffers from "extreme emotional distress" and fears for his life. (*Id*.)

*Applicable Legal Standards*

To assert a state law negligence claim, "the plaintiff must show that

9

(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the duty, and (3) the breach proximately or legally caused (4) the plaintiff's damages or injuries." *Thomas v. Stenberg*, 206 Cal.App.4th 654, 662 (2012). Whether a defendant owes a duty of care in a particular case is a question of law resolved by the court. *Centinela Freeman Emergency Med. Assocs. v. Health Net of Cal., Inc.*, 1 Cal.5th 994, 1012 (2016); *see McCurry v. Singh*, 104 Cal.App.5th 1170, 1175 (2024) (duty to be determined by court on "case-by-case basis"). "'Duty' is merely a conclusory expression used when the sum total of policy considerations lead a court to say that the particular plaintiff is entitled to protection." *Armato v. Baden*, 71 Cal.App.4th 885, 893 (1999). In determining whether a duty exists under California law, courts are to weigh, among other things, foreseeability of the harm to the plaintiff, the nexus between a defendants conduct and plaintiff's injury, and "the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach." *Id*. at 893-94 (quoting *White v. Southern Cal. Edison Co.*, 25 Cal.App.4th 442, 447 (1994)).

In general, a party is under no duty to control the conduct of another. *Tarasoff v. Regents of Univ. of Cal.*, 17 Cal.3d 425, 435 (1976). An exception to this general rule may exist where the defendant is in a "special relationship" with either the injured plaintiff or a third party whose conduct created the harm that injured the plaintiff. *Id*. at 436 (citing Rest. 2d Torts, sec. 315). California recognizes that "jailers owe prisoners a duty of care to protect them from foreseeable harm." *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal.App.4th 231, 252 (2008).

To bring a tort claim under California law, a plaintiff must also allege compliance with the California Government Claims Act (CGCA). Under the CGCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Govt. Code §§ 905, 911.2(a), 945.4 & 950.2; *see also Klein v. City of Laguna Beach*, 533 Fed. Appx. 772, 774 (9th Cir. 2013) (dismissing claims for failure to comply with the California Government Claims Act). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (2004).

*Analysis*

First, Plaintiff appears to be combining a duplicative Eighth Amendment threat to safety claim with a state law negligence claim. Federal constitutional claims should be asserted separately from state law claims.

Liberally construing the complaint and accepting all facts as true at screening, Plaintiff fails to allege a cognizable claim. For the same reasons expressed above in the Court's discussion regarding Claim Two, Plaintiff fails to state plausible Eighth Amendment claims against the Merced County Sheriff's Department or Defendant Pina.

10

Further, Plaintiff fails to allege a plausible state law negligence claim because he fails to allege compliance with the CGCA.

Plaintiff will be granted leave to amend his complaint to cure the deficiencies identified herein, assuming he can do so in good faith. Plaintiff should not combine federal constitutional claims with state law tort claims (like negligence) and must plead compliance with the CGCA to proceed on any state law tort claim.

**Claim Four**

Plaintiff's fourth claim is simply titled, "Slander/Libel." (Doc. 1 at 6.)

*The Factual Allegations*

Plaintiff's allegations state in their entirety:

> Upon stay at Sandy Mush in both of the Dorms 605 & 606 I noticed every time the [deputies] would come for pill call or open the door for any other reason they were showing inmates the phone where instead in line for pills as usual they were huddled in groups at door where deputies were slandering me with phone because after inmates would come back they would act either [aggressive] or distant towards me & this was also causing all the [assaults] at night time & why I was so hated or treated bad because the [deputies] were telling people I'm gay or transgender sex offender causing more trauma & [assaults] that I don't really need more of.

(Doc. 1 at 4.)

*Analysis*

Plaintiff is advised that allegations of slander and/or libel do not state a cognizable section 1983 claim. *See Paul v. Davis*, 424 U.S. 693, 699-702 (1976) (defamation not actionable under § 1983); *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by *Paul*). Thus, in any amended complaint Plaintiff may elect to file in this civil rights action, Plaintiff may not include his libel and slander claims.

(Doc. 15 at 3-12.)

### III.   DISCUSSION

#### A.  Legal Standards Concerning Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689

11

(9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff failed to file a first amended complaint, or notice of voluntary dismissal, as directed in the First Screening Order and later addressed in the OSC. The screening order specifically identified the deficiencies in Plaintiff's complaint and provided him with the relevant legal standards applicable to his potentially cognizable claims. (*See* Doc. 15 at 4-12.) In response to the OSC, after being specifically directed to "show cause in writing … why this action should not be dismissed for his *failure to comply with the Court's First Screening Order*" (Doc. 19 at 2, italics added), Plaintiff did not address his failure to comply with the screening order. (*See* Doc. 20.) Plaintiff merely alleges that Defendants violated his constitutional rights and are liable for their actions following his assault; he made no effort to cure the deficiencies identified in the

12

screening order and has failed to state a claim upon which relief can be granted. (*Id*.) The Court cannot effectively manage its docket if Plaintiff ignores Court orders and ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's January 5, 2026, screening order provided Plaintiff with 21 days within which to file a first amended complaint. Plaintiff has failed to comply with the Court's order and the time to do so has now passed. Plaintiff was also given a second opportunity to file a first amended complaint when the Court issued its OSC but failed to do so. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a first amended complaint curing the deficiencies identified in the original complaint, Plaintiff is not moving this case forward and is impeding its progress. As it stands, Plaintiff has failed to state any cognizable claim. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the OSC included the following: "**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for**

**Plaintiff's failure to comply with court orders and failure to prosecute**." (Doc. 19 at 3, emphasis in original.) Additionally, the Court's January 2026 screening order warned as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (Doc. 15 at 13, emphasis in original.) Finally, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued April 28, 2025, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 5 at 1.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Additionally, because Plaintiff has not filed an amended complaint, he has failed to state a claim upon which relief can be granted. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## IV.    CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to state a claim, failure to obey court orders, and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **March 25, 2026**                         /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE